J. Stewart White
Nevada Bar No. 1039
**WHITE & WETHERALL, LLP**
3185 Lakeside Drive
Reno, NV  89509
Telephone:  (775) 828-9999

*Attorneys for Plaintiffs*

**[Additional Counsel Listed Below]**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER CARR, ROXANNE CLAYTON and BRIAN BENNETT, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL GAME TECHNOLOGY, et al.,<br><br>Defendants. | Case No.: 3:09-cv-00584-ECR-RAM<br><br>**PLAINTIFFS' RESPONSE, PURSUANT TO DOCKET NOS. 70 AND 74, REGARDING DEFENDANTS' SUPPLEMENTAL AUTHORITY (DOCKET NO. 72) OFFERED IN SUPPORT OF THEIR MOTION TO DISMISS (DOCKET NO. 40)** |
| RANDOLPH K. JORDAN and KIMBERLY J. JORDAN, on Behalf of Themselves and a Class of Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL GAME TECHNOLOGY, et al.,<br><br>Defendants. | Case No.: 3:09-cv-00585-ECR-RAM |

Pursuant to this Court's Minutes of the Court dated September 15, 2010 and October 14, 2010 (*see* Docket Nos. 70, 74), Plaintiffs hereby respond to Defendants' third filing of Supplemental Authority which allegedly supports Defendants' Motion to Dismiss (the "Motion"). *See* Docket No. 72. For the reasons outlined herein and in Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion (the "Opposition") (Docket No. 54) and Plaintiffs' previous Response Regarding Defendants' Supplemental Authority (Docket No. 71), this additional case, *Quan v. Computer Sciences Corp.,* No. 09-56190, 2010 U.S. App. LEXIS 20199 (9th Cir. Sept. 30, 2010) ("CSC"), does not require the dismissal of the Complaint. Plaintiffs therefore respectfully request this Court deny the Motion in its entirety.

First, this case is factually different than the *CSC* facts recognized by the Ninth Circuit panel. *Inter alia*, according to the panel, the CSC stock fund was a "mandatory investment offering." *CSC* at * 3. In contrast, as outlined in the IGT Plaintiffs' Opposition, the IGT stock fund was not mandatory as Plan fiduciaries had the authority to change Plan investment options at their discretion. ¶¶64, 65;[1] *see also* IGT Profit Sharing Plan (As Amended and Restated Effective as of April 1, 2002) (the "Plan Document"), Article III, § 3.8 at IGTERISA 000042 (Separate Investment Funds shall be established and maintained under the Plan by the Committee. *The Committee may, in its discretion, terminate any Investment Fund*") (emphasis added); Trust Agreement between International Game Technology and Fidelity Management Trust Company, IGT Profit Sharing Plan Trust, dated March 31, 1999 ("Trust Agreement") at IGTERISA 000159. Accordingly, *CSC* and the *Moench* presumption adopted by the *CSC* panel do not require the dismissal of this action. *See CSC* at *24 ("We adopt the *Moench* presumption because it provides a substantial shield to fiduciaries when plan terms require or encourage the fiduciary to invest primarily in employer stock.")

Second, this case is at an entirely different procedural posture than *CSC* was at the time of the Ninth Circuit panel's ruling. This case is at the motion to dismiss stage, where little to no discovery has occurred. In contrast, the *CSC* appellate panel's ruling was on defendants' motion for summary

---

[1] All ¶___" citations mean and refer to Plaintiffs' Consolidated Class Action Complaint (Docket No. 36), filed March 10, 2010.

judgment, based on a full evidentiary record. Indeed, at the motion to dismiss stage, the Ninth Circuit has not adopted the *Moench* presumption of prudence. *See In re Syncor ERISA Litig.*, 516 F.3d 1095, 1102 (9th Cir. 2008), *citing Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1098 n.3 (9th Cir. 2004).

Third, one of the firms representing Plaintiffs herein, Stull, Stull & Brody, also represents Plaintiffs-Appellants in *CSC*. On October 21, 2010, a Petition for Rehearing *en banc* (the "Petition") was filed in CSC arguing that the *CSC* appellate panel's decision was erroneous because, *inter alia*:

1. Adoption of a presumption of prudence is inconsistent with Supreme Court admonitions against creating a federal common law supplementing ERISA;

2. Adoption of a presumption is inconsistent with 29 U.S.C. § 1104(a)(1)(B);

3. Adoption of a presumption is inconsistent with 29 U.S.C. § 1104(a)(1)(D);

4. Adoption of a presumption would yield the odd result that company stock funds, which are inherently higher risk than diversified funds, are presumed to be prudent, while lower risk diversified funds are not. Company stock funds should be assessed for prudence at least as much as diversified funds; and

5. Adoption of a presumption is inconsistent with 28 U.S.C. § 2072(a).

Plaintiffs also believe that the presumption standard adopted in *CSC*, under which even company stock that loses eighty percent of its value due to improprieties is presumed prudent (see Opinion at 16687), is incorrect. A copy of the Petition is attached hereto as Exhibit 1.

For each of these reasons, and as more fully outlined in Dockets No. 54 and 71, Plaintiffs respectfully request that the Court deny Defendants' Motion in its entirety.

Respectfully submitted,

Dated October 26, 2010        By:      s/Michael J. Klein
                                       Michael J. Klein
                                       **STULL, STULL & BRODY**
                                       6 East 45th Street
                                       New York, NY  10017
                                       Phone: (212) 687-7230
                                       Fax: (212) 490-2022
                                       Email: mklein@ssbny.com

3

| | |
|---|---|
| 1 | |
| 2 | Patrice L. Bishop<br>**STULL, STULL & BRODY**<br>10940 Wilshire Boulevard |
| 3 | Suite 2300<br>Los Angeles, CA  90024 |
| 4 | Phone: (310) 209-2468<br>Fax: (310) 209-2087 |
| 5 | Email:  service@ssbla.com |
| 6 | Thomas J. McKenna<br>**GAINEY & McKENNA** |
| 7 | 295 Madison Avenue, 4th Floor<br>New York, NY  10017 |
| 8 | Phone: (212) 983-1300<br>Fax: (212) 983-0383 |
| 9 | Emails: tjmlaw2001@yahoo.com<br>         tjmckenna@gaineyandmckenna.com |
| 10 | |
| 11 | *Interim Co-Lead Counsel* |
| 12 | J. Stewart White<br>Nevada Bar No. 1039<br>**WHITE & WETHERALL, LLP** |
| 13 | 3185 Lakeside Drive<br>Reno, NV   89509 |
| 14 | Telephone:  (775) 828-9999<br>Email:  jswhite@whiteandwetherall.com |
| 15 | |
| 16 | Matthew L. Sharp<br>**MATTHEW L. SHARP, LTD.** |
| 17 | 419 Flint Street<br>Reno, NV 89501 |
| 18 | Phone: (775) 324-1500<br>Email: sharplaw@sbcglobal.net |
| 19 | *Interim Co-Liaison Counsel* |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all registered CM/ECF registrants for this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at New York, New York on October 26, 2010.


          /s/ Michael J. Klien
             Michael J. Klein