1  RICHARD G. CAMPBELL, JR.
   Nevada State Bar No. 1832
2  (rcampbell@armstrongteasdale.com)
   BRET F. MEICH
3  Nevada State Bar No. 11208
   (bmeich@armstrongteasdale.com)
4  ARMSTRONG TEASDALE, LLP
   50 West Liberty Street, Ste. 950
5  Reno, NV  89501
   Telephone:  (775) 322-7400
6  Facsimile:   (775) 322-9049

7  BORIS FELDMAN, admitted *pro hac vice*
   (boris.feldman@wsgr.com)
8  DAVID S. STEUER, admitted *pro hac vice*
   (dsteuer@wsgr.com)
9  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
10 650 Page Mill Road
   Palo Alto, CA   94304-1050
11 Telephone:  (650) 493-9300
   Facsimile:   (650) 565-5100
12
   Attorneys for Defendants International Game
13 Technology, IGT Profit Sharing Plan Committee,
   Robert A. Bittman, Richard R. Burt, Patti S. Hart,
14 Leslie S. Heisz, David D. Johnson, Robert A.
   Mathewson, Thomas J. Matthews, Robert Miller,
15 David E. Roberson, and Philip G. Satre

16
17                    UNITED STATES DISTRICT COURT
                          DISTRICT OF NEVADA

| | |
|---|---|
| 18  CHRISTOPHER CARR, ROXANNE CLAYTON ) | Case No. 3:09-cv-00584-ECR-RAM |
|     AND BRIAN BENNETT, on Behalf of ) | |
| 19  Themselves and all Others Similarly Situated, ) | |
|                                            ) | **STIPULATION AND [PROPOSED]** |
| 20            Plaintiffs,                  ) | **PROTECTIVE ORDER** |
|        vs.                                 ) | |
| 21                                         ) | |
|     INTERNATIONAL GAME TECH., et al.,      ) | |
| 22                                         ) | |
|            Defendants.                     ) | |
| 23 _____ ) | |
|                                            ) | |
| 24  RANDOLPH K. JORDAN and KIMBERLY J.    ) | Case No. 3:09-cv-00585-ECR-RAM |
|     JORDAN, on Behalf of Themselves and a Class of ) | |
| 25  Persons Similarly Situated,           ) | |
|                                            ) | |
| 26            Plaintiffs,                  ) | |
|        vs.                                 ) | |
| 27                                         ) | |
|     INTERNATIONAL GAME TECH., et al.,      ) | |
| 28                                         ) | |
|            Defendants.                     ) | |

STIPULATED PROTECTIVE ORDER                              CASE NOS. C09-00584 & C09-00585

WHEREAS, disclosure and discovery activities in the above-captioned consolidated actions are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this Litigation would be warranted;

WHEREAS, the parties, by and through their undersigned counsel, have stipulated and agreed, subject to the approval of the Court, that the protective order set forth below (the "Order") shall govern the production and use of all such information provided during the course of discovery in this Litigation;

THEREFORE, IT IS HEREBY ORDERED BY THE COURT, that any person subject to this Order, including without limitation, the individuals and entities described herein, shall adhere to the following terms, procedures and conditions:

1. **PURPOSES AND LIMITATIONS**

This Order shall apply to all materials or information of any kind provided in connection with discovery in this Litigation, including, but not limited to, documents (both paper and electronic), deposition testimony and deposition exhibits, interrogatory answers, responses to requests for admission, discovery responses and disclosures provided pursuant to the Federal Rules of Civil Procedure, pleadings, motions, affidavits, declarations, and transcripts. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the information or items that qualify for protection under standards developed under applicable law.

2. **DEFINITIONS**

2.1 CONFIDENTIAL Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.2 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staffs).

2.3 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL PLAN PARTICIPANT INFORMATION" ("HIGHLY CONFIDENTIAL PPI").

2.4 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.5 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the Litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Litigation, (2) is not a past or a current employee of a Party,  (3) is not a current employee of a Party's competitor, and (4) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.  This definition includes a professional jury or trial consultant retained in connection with this Litigation.

2.6 <u>"HIGHLY CONFIDENTIAL PLAN PARTICIPANT INFORMATION" ("HIGHLY CONFIDENTIAL PPI")</u> means information about International Game Technology Profit Sharing Plan ("Plan") participants and beneficiaries otherwise unavailable to the public, including Social Security numbers, Birth Dates, Plan participant identifiers, Plan account activity, distributions, tax information, employment information, or information otherwise protected by Health Insurance Portability and Accountability Act of 1996 ("HIPAA") privacy and/or other federal and state privacy standards.

2.7 <u>House Counsel</u>:  attorneys who are employees of a Party.

2.8 <u>Litigation</u>:  the above-captioned consolidated actions and any appeals thereof only.  The term "Litigation" does not include any related cases or proceedings.

2.9 <u>Non-Party:</u> any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Litigation and subject to Paragraph 9 herein.

2.10 <u>Outside Counsel of Record</u>:  attorneys and their support staff who are not employees of a Party but who are retained to represent or advise a Party in this Litigation and have appeared in this Litigation on behalf of that Party.

        2.11    <u>Party or Parties</u>:  any party to this Litigation, including all of its officers, directors, employees, retained Experts, and Outside Counsel of Record (and their support staff).

        2.12    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Litigation.

        2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, processing or retrieving data in any form or medium) and their employees and subcontractors.

        2.14    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL PLAN PARTICIPANT INFORMATION" ("HIGHLY CONFIDENTIAL PPI").

        2.15    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.**    <u>**SCOPE**</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by the Parties or their Counsel that might reveal Protected Material.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.**    <u>**DURATION**</u>

Even after the final disposition of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) the dismissal of all claims and defenses in this Litigation, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Litigation, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent that it is practical to do so, the Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a Non-Party's attention that information or items that it designated for protection do not qualify for protection, that Party or Non-Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL PLAN PARTICIPANT INFORMATION" ("HIGHLY CONFIDENTIAL PPI") on each page that contains Protected Material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party

must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL PLAN PARTICIPANT INFORMATION" ("HIGHLY CONFIDENTIAL PPI") on each page that contains Protected Material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or Non-Party offering or sponsoring the testimony identify all protected testimony, and further specify any portions of the testimony as to which protection is sought, either on the record, before the close of deposition, hearing or other proceeding, or within thirty (30) days after the receipt of the testimony transcript.

The court reporter must affix to the top of each page containing Protected Material the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL PLAN PARTICIPANT INFORMATION" ("HIGHLY CONFIDENTIAL PPI") as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL PLAN PARTICIPANT INFORMATION" ("HIGHLY CONFIDENTIAL PPI").  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3 <u>Privacy-Based Designations</u>.  The parties acknowledge that certain types of highly sensitive personal and financial information of Plaintiffs, Defendants, Plan participants, and/or Non-Parties, such as social security numbers, account numbers and birth dates, warrant heightened protection (collectively, "Personal Information").  Accordingly, Protected Material containing such information shall be redacted before it is filed under seal with the Court, even if that information has been produced with the Personal Information in unredacted form.

5.4 <u>Federal, State and Local Laws Regarding Privacy and Confidential Information</u>.  A Party or Non-Party's production of documents that the Producing Party has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL PLAN PARTICIPANT INFORMATION" ("HIGHLY CONFIDENTIAL PPI") shall be deemed to be compliant with

any federal, state or local laws or agreements governing the disclosure of confidential, personal or proprietary information.

5.5     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL PLAN PARTICIPANT INFORMATION" ("HIGHLY CONFIDENTIAL PPI") does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL PLAN PARTICIPANT INFORMATION" ("HIGHLY CONFIDENTIAL PPI") after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.  Any Party may challenge a designation of confidentiality.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  A Party challenging a confidentiality designation shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of service of notice. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation, after considering the justification offered by the Designating Party, may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

Until the Court rules on the challenge, all Parties and Non-Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Litigation has been terminated, a Receiving Party must comply with the provisions of Section 13, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Each person who has access to Protected Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Litigation, as well as employees and Professional Vendors of said counsel to whom it is reasonably necessary to disclose the information for this Litigation;

      (b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom the disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" by the Order (Exhibit A);

      (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" by the Order (Exhibit A);

      (d)  the Court and its personnel;

      (e)  court reporters, videographers and their staffs to whom disclosure is reasonably necessary for this Litigation;

      (f)  during their deposition, witnesses in the Litigation to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" by the Order (Exhibit A) ;

      (g)  the author of the document or persons who were listed as recipients on the face of the document containing the information or a custodian of the document;

      (h)  a mediator or arbitrator retained by the Parties to this Litigation or assigned by the court;

      (i)  such other persons as may be designated by prior written agreement of Outside Counsel of Record on behalf of all Parties, or by order of the Court; and

      (j)  in the event of a joint deposition involving the Parties to this Litigation and parties to any other litigation and subject to paragraph 7.2(i), the Parties agree to meet and confer regarding the appropriate protocol for handling any information or items designated in this Litigation as "CONFIDENTIAL."

    7.3  <u>Disclosure of "HIGHLY CONFIDENTIAL PLAN PARTICIPANT INFORMATION" ("HIGHLY CONFIDENTIAL PPI") Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL PLAN PARTICIPANT INFORMATION" ("HIGHLY CONFIDENTIAL PPI") only to:

      (a)  the Receiving Party's Outside Counsel of Record in this Litigation, as

STIPULATED PROTECTIVE ORDER   -8-   CASE NOS. C09-00584 & C09-00585

1  well as employees of said counsel to whom it is reasonably necessary to disclose the information
2  for this Litigation;
3              (b)     Professional Vendors of the Receiving Party's Outside Counsel of
4  Record in this Litigation to whom the disclosure is reasonably necessary for this Litigation and
5  who have signed the "Acknowledgment and Agreement to Be Bound" by the Order (Exhibit A);
6              (c)     Experts (as defined in this Order) of the Receiving Party to whom
7  disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment
8  and Agreement to Be Bound" by the Order (Exhibit A);
9              (d)     the Court and its personnel;
10             (e)     court reporters, videographers and their staffs to whom disclosure is
11 reasonably necessary for this Litigation;
12             (f)     the author of the document or persons who were listed as recipients
13 on the face of the document containing the information or a custodian of the document;
14             (g)     a mediator or arbitrator retained by the Parties to this Litigation or
15 assigned by the court;
16             (h)     such other persons as may be designated by prior written agreement
17 of Outside Counsel of Record on behalf of all Parties, or by order of the Court; and
18             (i)     in the event of a joint deposition involving the Parties to this
19 Litigation and parties to any other litigation and subject to paragraph 7.3(h), the Parties agree to
20 meet and confer regarding the appropriate protocol for handling any information or items
21 designated in this Litigation as "HIGHLY CONFIDENTIAL PLAN PARTICIPANT
22 INFORMATION" ("HIGHLY CONFIDENTIAL PPI").
23         7.4     <u>Acknowledgment and Agreement to Be Bound</u>.  Each person who is
24 permitted access to Protected Material, excluding those individuals or groups identified *supra* in
25 Section 7.2 (a), (d), (e), (g), (h) and Section 7.3 (a), (d), (e), (f), and (g), shall first be shown a
26 copy of this Order, shall be advised of the obligations imposed by the Order, and shall execute
27 the "Acknowledgment and Agreement to Be Bound" by the Order that is attached hereto as
28 Exhibit A.  Outside Counsel of Record shall retain the signed copies of Exhibit A in his or her

files during the pendency of this Litigation.

       7.5    <u>Other Litigation or Legal Proceedings</u>.  Protected Material shall not be shared with any individual, party, putative class member, expert witness, consultant or counsel in any other legal proceeding or action, including, but not limited to, other legal proceedings involving International Game Technology and/or its current or former officers, directors or employees.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL PLAN PARTICIPANT INFORMATION" ("HIGHLY CONFIDENTIAL PPI") the Receiving Party must:

(a) promptly notify the Designating Party, in writing (by e-mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  Such notification shall include a copy of this Order;

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL PLAN PARTICIPANT INFORMATION" ("HIGHLY CONFIDENTIAL PPI") before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Litigation and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL PLAN PARTICIPANT INFORMATION" ("HIGHLY CONFIDENTIAL PPI"). Such information produced by Non-Parties in connection with this Litigation is protected by the remedies and relief provided by this Order.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

    2. promptly provide the Non-Party with a copy of the Order in this Litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence, it has disclosed Protected Material to any person or in any circumstances not authorized under this Order, the Receiving

Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" by the Order that is attached hereto as Exhibit A.

**11.   FILING PROTECTED MATERIAL**

Without                                                          a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Litigation any Protected Material. All Protected Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Protected Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. All Protected Material submitted to the Court under seal shall clearly be designated and marked as "UNDER SEAL -CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "UNDER SEAL - HIGHLY CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER."

**12.   INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, or a prejudice to, any claim – in this or any other proceeding – that such or related material is privileged or protected by the work product immunity or any other applicable privilege, provided that the Producing Party notifies the Receiving Party in writing within a reasonable time after discovery of such inadvertent production. Upon receipt of such notice, the Receiving Parties' obligations are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

**13.   FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final disposition of this Litigation, each Receiving Party must either destroy or return all Protected Material to the Producing Party, and the Receiving Party shall

provide a written certification confirming the destruction or return of all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product.  Any such archival copies that contain Protected Material remain subject to this Order as set forth in Section 4 (DURATION), above.  The exemption for attorney work product shall not, however, include the "CONFIDENTIAL"  or "HIGHLY CONFIDENTIAL PLAN PARTICIPANT INFORMATION" ("HIGHLY CONFIDENTIAL PPI") information itself, or collections, assemblages or copies thereof, but is limited to attorney work product referencing, quoting or summarizing such material.

**14.     MISCELLANEOUS**

14.1     <u>Party's Use of Its Own "CONFIDENTIAL" Information or Items or "HIGHLY CONFIDENTIAL PLAN PARTICIPANT INFORMATION" ("HIGHLY CONFIDENTIAL PPI")</u>.  Nothing in this Order shall prevent a Party from using its own "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL PLAN PARTICIPANT INFORMATION" ("HIGHLY CONFIDENTIAL PPI") in any manner it chooses.

14.2     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.3     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

14.4     <u>Trial</u>.  Prior to the trial in this matter, the Parties shall confer regarding the submission of a joint proposal to the Court with respect to the treatment of Protected Material at trial.

14.5    The Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Respectfully submitted,

DATED: May 18, 2011

BORIS FELDMAN, admitted *pro hac vice*
(boris.feldman@wsgr.com)
DAVID S. STEUER, admitted *pro hac vice*
(dsteuer@wsgr.com)
JACOB VELTMAN, admitted *pro hac vice*
(jveltman@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA   94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

By:   /s/ Jacob Veltman
         Jacob Veltman


RICHARD G. CAMPBELL, JR.
BRET F. MEICH
ARMSTRONG TEASDALE, LLP
50 West Liberty, Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile: (775) 322-9049


*Attorneys for International Game Technology, IGT Profit Sharing Plan Committee, Robert A. Bittman, Richard R. Burt, Patti S. Hart, Leslie S. Heisz, David D. Johnson, Robert A. Mathewson, Thomas J. Matthews, Robert Miller, David E. Roberson, and Philip G. Satre*

DATED:  May 18, 2011

MICHAEL J. KLEIN, admitted *pro hac vice*
STULL, STULL & BRODY
6 East 45th Street
New York, New York  10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022

By: /s/ Michael J. Klein
　　　　Michael J. Klein

PATRICE L. BISHOP, admitted *pro hac vice*
STULL, STULL & BRODY
10940 Wilshire Boulevard, Suite 2300
Los Angeles, CA  90024
Telephone: (310) 209-2468
Facsimile: (310) 209-2087

THOMAS J. McKENNA, admitted *pro hac vice*
GAINEY & McKENNA
295 Madison Avenue, 4th Floor
New York, New York  10017
Telephone: (212) 983-1300

GEOFFREY WHITE, Nevada Bar No. 0892
WHITE & WETHERALL, LLP
3185 Lakeside Drive
Reno, NV  89509
Telephone: (775) 828-9999
Facsimile: (775) 828-9998

MATTHEW L. SHARP, Nevada Bar No. 4746
MATTHEW L. SHARP, LTD.
419 Flint Street
Reno, NV  8 9501
Telephone: (212) 983-1300

*Attorneys for Plaintiffs*

* * *

**ORDER**

　　IT IS SO ORDERED.

Dated: May 19, 2011.

_____
The Honorable Robert A. McQuaid, Jr.
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER　　　-15-　　　CASE NOS. C09-00584 & C09-00585

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Order that was issued by the United States District Court for the District of Nevada on May ___, 2011 in the consolidated actions captioned *Carr v. International Game Technology, et al.*, Case No. 09-cv-00584-ECR-RAM and *Jordan v. International Game Technology, et al.*, Case No. 09-cv-00585-ECR-RAM. I agree to comply with and to be bound by all the terms of this Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this Litigation.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Nevada agent for service of process in connection with this Litigation or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on May 18, 2011, a true and correct copy of the foregoing |
| 3 | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** was electronically filed with |
| 4 | the Clerk of the Court using the CM/ECF System which will transmit a Notice of Electronic |
| 5 | Filing to all registered CM/ECF registrants for this case. |
| 6 | Executed at Palo Alto, California, on May 18, 2011. |
| 7 | |
| 8 | By: /s/ Jacob Veltman<br>Jacob Veltman |

STIPULATED PROTECTIVE ORDER -17- CASE NOS. C09-00584 & C09-00585