**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTOPHER CARR, ROXANNE CLAYTON, and BRIAN BENNETT, | 3:09-cv-00584-ECR-WGC (Base Case) |
| Plaintiffs, | |
| vs. | **Order** |
| INTERNATIONAL GAME TECHNOLOGY, et al., | |
| Defendants. | |
| RANDOLPH K. JORDAN and KIMBERLY J. JORDAN, | 3:09-cv-00585-ECR-WGC (Member Case) |
| Plaintiffs, | |
| vs. | |
| INTERNATIONAL GAME TECHNOLOGY, et al., | |
| Defendants. | |

Plaintiffs are former employee participants in Defendant International Game Technology's ("IGT") profit-sharing plan (the "Plan") who have brought a class action suit pursuant to Federal Rule of Civil Procedure ("FRCP") 23 to allege breach of fiduciary duty claims under Section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(2).  Now pending before the

Court is Plaintiff's Motion to Dismiss and Quash Document Request (#105). The motion is ripe, and we now rule on it.

### **I. Background**

As the parties are familiar with the factual and procedural background of the case up to this point, we need only reiterate the following relevant background.

Plaintiffs filed the amended complaint (#36) on March 10, 2010. On February 8, 2010, this Court issued an order (#33) appointing Plaintiffs Randolph K. Jordan, Kimberly J. Jordan, Christopher Carr, Roxanne Clayton, and Brian Bennet as interim lead plaintiffs and consolidating 3:09-cv-00585-ECR-RAM (member case) under 3:09-cv-00584-ECR-RAM (base case).

On March 16, 2011, we issued an order (#80) in which we granted in part and denied in part Defendants' motion to dismiss (#40) and denied Defendants' motion for summary judgment (#44) and Defendant IGT Profit Sharing Committee's alternative motion for summary judgment (#46). We dismissed the following claims: failure to avoid conflicts of interest against all Defendants; breach of prudence and loyalty with respect to the imprudent investment of Plan assets against all Defendants; breach of prudence and loyalty with respect to failure to disclose material facts regarding the Plan against Defendants Siciliano and the Director Defendants; co-fiduciary liability against all Defendants under 29 U.S.C. § 1105(a)(1) and (a)(3) and against Defendant Siciliano under § 1105(a)(2).

1    On April 6, 2011, Defendants filed their answer (#87) to the
2 amended complaint (#36).
3    On May 16, 2011, the Magistrate Judge entered the scheduling
4 order (#100), setting the discovery deadline for May 31, 2012.
5    On June 14, 2011, Plaintiffs filed a motion (#105) seeking to
6 voluntarily dismiss Plaintiff Roxanne Clayton ("Ms. Clayton") as a
7 plaintiff from this litigation and to quash Defendants' document
8 request to her.  Defendants responded (#108) on June 29, 2011.
9 Plaintiffs filed their reply (#115) on July 11, 2011.

## II. Discussion

**A. Plaintiff Roxanne Clayton's Voluntary Dismissal**

   Pursuant to Federal Rule of Civil Procedure ("FRCP") 41(a)(2), Plaintiffs request the Court to allow Clayton to withdraw as a plaintiff from this action for personal reasons and become an absent class member should the Court certify a class.  FRCP 41(a)(2) provides that after an opposing party has answered, an action may be dismissed at the plaintiff's request only by the court, on terms that the court considers proper.

   Defendants disagree that FRCP 41(a)(2) is the proper procedural vehicle for dismissing Ms. Clayton's claims where she wishes to remain as an absent member of the putative class.  Defendants further imply that Clayton seeks to withdraw for the improper purpose of evading discovery.  Despite their contentions, Defendants do not otherwise oppose Ms. Clayton's withdrawal as a named plaintiff.  Further, the Court is satisfied that Defendants will not

be prejudiced by her withdrawal, as there remain four similarly-situated named Plaintiffs who claims do not differ from Ms. Clayton's. Finally, the Court is satisfied that Ms. Clayton does not seek to dismiss her claims for the improper purpose of evading discovery, (see McKenna Decl. (#116) at ¶¶ 4-5), and will therefore not inquire into her personal reasons for withdrawal. For the foregoing reasons, Plaintiffs' motion to withdraw Ms. Clayton as a named Plaintiff will therefore be granted.

**B. Plaintiffs' Motion to Quash Defendants' Document Request**

Plaintiffs seek an order of the Court "quashing" Defendant IGT's First Request for Production of Documents to Plaintiff Roxanne Clayton, served upon them on May 24, 2011, as she wishes to withdraw as a plaintiff in this case. Defendants claim that Plaintiffs' request should be denied because Plaintiffs in essence seek a protective order for which they have not made the adequate showing.

It is important to again note that the Court finds that Ms. Clayton is not seeking to withdraw in an attempt to evade discovery, a factor that distinguishes cases cited by Defendants where courts have compelled withdrawing plaintiffs to submit to discovery requests. Further, Ms. Clayton has no claims separate from the other class members, is not in defiance of any prior court orders compelling her to respond to discovery requests, and seeks to withdraw at an early stage in the discovery process - all of which are further factors that distinguish this case from others where a court compelled a withdrawing party to answer discovery requests.

4

However, Defendants are correct in stating that there is no subpoena here for the Court to quash, only an initial document request among the parties.  Presumably, Ms. Clayton may choose not to answer the document request.  Defendants may wish to issue a subpoena and/or a subpoena duces tecum with regard to Clayton and/or her documents, which Plaintiffs may then wish to quash.  Defendants also have the option of a properly-styled motion to compel, at which point the Court would have an adequate opportunity to address the fully-briefed issue of whether Ms. Clayton, as an absent class member and a former named plaintiff, should be compelled to submit to Defendants' discovery requests.  However, that issue has not been placed before the Court, nor has the issue of a protective order should Plaintiffs later choose to seek one with regard to Ms. Clayton.  For these reasons, the Court can only deny Plaintiffs' request to quash as procedurally improper, but will admonish the parties that this ruling is not be construed as an order that Ms. Clayton answer Defendants' discovery requests.

### III. Conclusion

Plaintiff Roxanne Clayton may withdraw as a named plaintiff in this case and remain as an absent putative class member, should the Court certify the class.  Plaintiffs' request that Defendant IGT's First Request for Production of Documents as to Ms. Clayton will be denied because there is no subpoena for the Court to quash, but nor is Ms. Clayton ordered to submit to the request, as that issue has not been properly placed before the Court.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiffs' Motion for an Order Dismissing, Without Prejudice, Roxanne Clayton as a Plaintiff (#105) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Order Quashing Defendants' Document Request (#105) is **DENIED**.

DATED: February 22, 2012.

_____
UNITED STATES DISTRICT JUDGE

6