# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER CARR, ROXANNE CLAYTON, and BRIAN BENNETT,<br><br>    Plaintiffs,<br><br>    v.<br><br>INTERNATIONAL GAME TECHNOLOGY, *et al.*,<br><br>    Defendants.<br>_____ | 3:09-cv-00584-RCJ-WGC<br>(Base Case)<br><br><br><br>**ORDER** |
| RANDOPH K. JORDAN and KIMBERLY J. JORDAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>INTERNATIONAL GAME TECHNOLOGY, *et al.*,<br><br>    Defendants.<br>_____ | 3:09-cv-00585-RCJ-WGC<br>(Member Case) |

Plaintiffs are former employee participants in Defendant International Game Technology's ("IGT" or the "Company') profit-sharing plan (the "Plan") who have brought a class action suit pursuant to Federal Rule of Civil Procedure 23 to allege breach of fiduciary duty claims under Section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(2). Currently before the Court are Plaintiffs' motion for partial reconsideration (#131) and Defendants' motion to exclude (#147).

## BACKGROUND

The Plan is a voluntary defined contribution plan whereby participants make

contributions to the Plan and direct the Plan to purchase investments with those contributions from options pre-selected by Defendants, which are then allocated to participants' individual accounts. While the parties disagree as to whether the terms of the Plan mandate that IGT common stock ("IGT Stock") be offered as an investment option, IGT Stock was offered during the relevant period and its performance provides the basis for this suit.

Plaintiffs filed the amended consolidated complaint (#36) on March 10, 2010, alleging several breaches of fiduciary duty under ERISA § 502(a)(2). On March 16, 2011, the Court issued an Order (#80) in which we granted in part and denied in part Defendants' motion to dismiss (#40) and denied Defendants' motion for summary judgment (#44) and Defendant IGT Profit Sharing Committee's alternative motion for summary judgment (#46). Only the following claims remain: (i) Plaintiffs' claim that IGT and the Committee breached their fiduciary duties by failing to provide complete and accurate information about the IGT stock to the Plan Participants (the "communications claim"); (ii) Plaintiffs' claim that Defendants Matthews, Bittman, Burt, Hart, Heisz, Matthewson, Miller, Rentschler, Roberson, Satre (collectively the "Director Defendants") breached their duty to monitor the IGT Profit Sharing Committee (the "Committee") (the "monitoring claim"); and (iii) breach of co-fiduciary duty pursuant to 29 U.S.C. § 1132(a)(2) with respect to (i) and (ii) (the "co-fiduciary claim").

On March 16, 2012, the Court denied (#130) Plaintiffs' motion for class certification (#106), finding, *inter alia*, that Plaintiffs have failed to establish the commonality and typicality requirements of Federal Rule of Civil Procedure 23(a) because the misrepresentation claim will require individualized analysis of each putative class member's detrimental reliance on the alleged misrepresentations.

Plaintiffs have requested (#131) partial reconsideration of the Order (#130). Defendants request (#147) that we exclude new arguments and evidence contained in Plaintiffs' reply (#139) in support of the motion for partial reconsideration (#131).

## DISCUSSION

**A. Motion for Reconsideration (#131)**

Plaintiffs request that the Court revisit footnote 2 of the Order (#130), in which the Court

1  stated:

2  > The Court finds it necessary to clarify that Plaintiffs cannot now base their communications claim upon "Company-wide emails and newsletters" (Pls.' Reply Memo. at 1 (#120)) when the complaint alleges that Defendants made misleading communications to Plan participants via inaccurate SEC filings, press releases, and other specific communications with analysts and the press. (See Am. Compl. ¶¶ 76, 87, 91-97, 103-06, 108-14, 119-21, 135-37, 143 (#36).) Moreover, the Court's previous order (#80) ruled that IGT and the Committee were fiduciaries with regard to communications regarding the Plan only to the extent that Defendants converted the allegedly inaccurate SEC filings, press releases, and other specific communications with analysts and the press into fiduciary communications.

8  Plaintiffs argue that recently discovered evidence demonstrates that their theory of the case has not changed, and that there is no distinction between the Company-wide emails and the allegations contained in the complaint (#36). Plaintiffs also request that the Court reconsider its analysis of the issues of typicality and commonality and its decision to deny the motion for class certification in light of this "recently discovered evidence." Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from an order for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; and any other reason that justifies relief.

17  To the extent that the Court appeared to categorically deny Plaintiffs an opportunity to present evidence concerning possibly misleading communications in the form of Company emails on the basis that such emails were not specifically referenced in the Complaint, the Court may have been in error. The consolidated amended complaint (#36) alleges that IGT and the Committee disseminated "the Plan's documents and related materials, which incorporated by reference, among other things, IGT's inaccurate SEC filings, thus converting such materials into fiduciary communications." (Consol. Compl. ¶ 76 (#36).) In the motion for class certification (#106), Plaintiffs failed to address the element of detrimental reliance, and Defendants' opposition (#117) thoroughly discussed whether individualized issues of reliance should preclude class certification in this action. While doing so, Defendants focused on the proposed class representatives' deposition testimony that they did not rely on IGT SEC filings. In their reply (#120), Plaintiffs directed the Court's attention to deposition testimony in which

the proposed class representatives testified that they relied upon Company-wide emails and newsletters which incorporated SEC filings.

Plaintiffs' complaint does not specifically reference Company emails as a source of allegedly misleading fiduciary communications. Instead, the complaint refers to Plan documents and "related materials", press releases, and other communications with analysts and the press. (Consol. Compl. ¶¶ 76, 87, 91-97, 103-106, 108-114, 119-121, 135-137, 143 (#36).) As we noted in our previous Order (#80), a statement may incur ERISA liability if a defendant "intentionally connects its statements about the company's financial health to statements it makes about the future of plan benefits." *Carr v. Int'l. Game Tech.*, 770 F.Supp.2d 1080, 1089 (D. Nev. 2011). In *Quan v. Computer Sciences Corporation*, the Ninth Circuit recognized that the act of incorporating SEC filings into plan communications may give rise to ERISA liability. *Quan v. Computer Scis. Corp.*, 623 F.3d 870, 886 (9th Cir. 2010) ("[w]e assume, without deciding, that alleged misrepresentations in SEC disclosures that were incorporated into communications about an ERISA plan are 'fiduciary communications' on which an ERISA misrepresentation claim can be based.").

Plaintiffs' reply (#120) to the motion for class certification (#106) stated that "Defendants have not yet produced all communications from Class members and each Plaintiff that was asked testified that they relied upon Company-wide emails and newsletters." (Reply at 1 (#120).) Plaintiffs provide transcripts of depositions in which each Plaintiff testified that they received SEC filings via email from the Company, and with varying degrees of certainty, that they may have relied on these communications when making investment decisions, or that they did not. For example, K. Jordan testified that he recalled an email sent to all employees by IGT at the end of every fiscal quarter, and that he believed the statements contained in those emails are "what this case is about." (K. Jordan Tr. 23:2-25, 24:1-2 (#120-5).) K. Jordan also stated that he thought IGT lied in e-mails to employees by stating that the company was doing great and giving false projections of "where [IGT] stock is." (K. Jordan Tr. 20:13-25 (#120-5).)

In the motion for reconsideration (#131), Plaintiffs argue that "recently discovered

4

evidence" that the Company-wide emails contained the text of press releases attached to SEC filings and other such communications referenced in the consolidated complaint requires the Court to consider those emails as fiduciary communications upon which the communications claim is based. While the Court disagrees that any of this evidence is new, the Court grants the motion for reconsideration to the extent that we agree that the footnote in the Order (#130) was incorrect in finding that Plaintiffs cannot use the Company emails as evidence of misleading communications simply because the emails were not specifically named in the complaint. Those emails, which communicated press releases and SEC filing information to Company employees, are encompassed by the complaint's language, which refers to materials disseminated by IGT and the Committee which incorporated by reference, among other things, IGT's SEC filings. Therefore, the Court erred in finding that Plaintiffs cannot base their communications claim based upon Company-wide emails and newsletters announcing SEC filings and including information about the state of the Company and IGT Stock. In our Order dated March 16, 2011 (#80), the Court noted that the SPD incorporated IGT's SEC filings by reference, including those filed after the date of the SPD. If emails containing misleading SEC filings, press releases, and other such information were sent to all Class Members by Company emails, those emails may be the basis of a misleading communications claim if class members relied upon that information to their detriment.

This finding, however, does not require reconsideration of the Court's denial of class certification. We denied class certification because we found that individual issues of reliance in a communications claim brought pursuant to ERISA § 502(a)(2) defeat commonality, and the two remaining claims, the monitoring claim and the co-fiduciary claim, are derivative of the communications claim. We also found that the claims of the named plaintiffs are not typical of the claims or defenses of the class, as required under Rule 23(a), because the named Plaintiffs testified that they did not rely on the alleged misrepresentations referred to in the amended complaint, namely, the SEC filings. All of the named Plaintiffs had also signed releases by which they expressly waived the right to bring any claims under ERISA. Therefore, we found that Plaintiffs' claims are not typical of class members' claims and class

certification must be denied. Our reconsideration of the footnote in the Order does not change the analysis under Rule 23(a). While certain named Plaintiffs testified that they relied on Company emails communicating SEC filings to employees, others testified that those emails were not part of their investment decisions. Therefore, Plaintiffs have failed to establish the typicality and commonality requirements of Federal Rule of Civil Procedure 23(a) because the communications claim will require individualized analysis of each putative class member's detrimental reliance on the alleged misrepresentations.

**B. Motion to Exclude (#147)**

Defendants request that we exclude allegedly new matter and arguments presented in Plaintiffs' reply brief (#139) to the motion to reconsider (#131).[1] In the reply (#139), Plaintiffs request that the Court allow Plaintiffs to pursue the action derivatively on behalf of the Plan as a whole. The Court agrees that the amended complaint (#36) and this Court's Order (#130) both contemplate that the action is brought on behalf of the Plan. Plaintiffs assert that a plaintiff in a derivative ERISA action need not show personal reliance as part of a fraud and/or misrepresentation claim. Plaintiffs request leave to amend the complaint if a derivative claim has not been properly alleged. Defendants request that we strike this argument as it was brought for the first time in a reply, and that if the argument is to be considered, Defendants must be given adequate opportunity to respond.

Therefore, the Court shall grant the parties additional time to brief the matter of whether the action should proceed as a derivative ERISA action despite our findings in the Order (#130) denying class certification, and whether an amended complaint is required. Plaintiffs' request that the Court convene a status conference shall be denied at this time.

///

//

---

[1] Defendants' request that we strike the "new evidence" in the reply shall be denied. The Court finds that the allegedly new evidence submitted with the reply was not new and was properly attached in response to arguments made in Defendants' opposition. Furthermore, the allegedly new evidence included in the reply was not the basis of the Court's findings in ruling on the motion to reconsider (#131), and therefore, the request to strike the evidence is moot.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Motion to Reconsider (#131) is **GRANTED IN PART AND DENIED IN PART** on the following basis: **GRANTED** with respect to the footnote in our previous Order (#130), **DENIED** with respect to class certification.

IT IS FURTHER ORDERED that the Motion to Exclude (#147) is **DENIED** on the basis that the new arguments contained in the reply (#139) to the motion for reconsideration (#131) shall be considered a separate motion. Defendants shall have twenty-one (21) days of the date of entry of this Order within with to file an opposition to the arguments concerning whether this action should proceed as a derivative ERISA action. Thereafter, Plaintiffs shall have fourteen (14) days to file a reply.

DATED: This 15th day of February, 2013.

_____
United States District Judge