1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

DISTRICT OF NEVADA

9

10

11

CHRISTOPHER CARR, ROXANNE CLAYTON and BRIAN BENNETT, on Behalf of Themselves and All Others Similarly Situated,

Case No.:  3:09-cv-00584-RCJ-WGC

**ORDER PRELIMINARILY APPROVING SETTLEMENT, AUTHORIZING NOTICE TO THE SETTLEMENT CLASS, AND SETTING A HEARING ON FINAL SETTLEMENT APPROVAL**

12

13

Plaintiffs,

14

15

v.

16

INTERNATIONAL GAME TECHNOLOGY, et al.,

17

Defendants.

18

19

RANDOLPH K. JORDAN and KIMBERLY J. JORDAN, on Behalf of Themselves and a Class of Persons Similarly Situated,

Case No.:  3:09-cv-00585-RCJ-WGC

20

21

Plaintiffs,

22

v.

23

INTERNATIONAL GAME TECHNOLOGY, et al.,

24

Defendants.

25

26

27

28

1

1    Currently before the Court for preliminary approval is a settlement (the

2   "Settlement") of the above-entitled consolidated class actions (the "Action") asserting

3   claims for alleged violations of the Employee Retirement Income Security Act of 1974,

4   as amended, 29 U.S.C. §§ 1001-1461 ("ERISA"), with respect to the International Game

5   Technology Profit Sharing Plan (the "Plan") as against defendant International Game

6   Technology ("IGT") and others alleged to be fiduciaries of the Plan (collectively, the

7   "Defendants").

8    The terms of the Settlement are set out in a Stipulation of Settlement dated

9   December 21, 2012 (the "Stipulation") that has been executed by counsel for Plaintiffs

10  Christopher Carr, Brian Bennett, Randolph K. Jordan and Kimberly J. Jordan

11  (collectively, the "Plaintiffs") and for the Settlement Class and counsel for Defendants

12  (collectively with Plaintiffs, the "Parties").  Capitalized terms not otherwise defined in

13  this Order shall have the same meaning as ascribed to them in the Stipulation.  The

14  "Settlement Class" is defined in this Order below.

15    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as

16  follows:

17    1.    Plaintiff's Motion for Preliminary Approval of the Settlement is

18  GRANTED.

19    2.    The Court finds, subject to final determination following a hearing on

20  notice to potential class members, that the proposed Settlement set forth in the Stipulation

21  is sufficiently fair, reasonable, and adequate such that notice of the Settlement should be

22  provided to the Settlement Class (defined in paragraph 5 of this Order) and a hearing

23  should be held as provided in paragraph 14 of this Order.

24    3.    The Court has jurisdiction over the subject matter of this Action and over

25  all Parties to this Action, including all Members of the Settlement Class.

26

27

28

## SETTLEMENT CLASS CERTIFICATION

4.      The Court PRELIMINARILY FINDS, for settlement purposes only, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the local rules of the Court, and any other applicable law have been met as to the Settlement Class, in that:

> The Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

> There are one or more questions of fact and/or law common to the Settlement Class;

> Plaintiffs will fairly and adequately protect the interests of the Settlement Class and Plaintiffs are represented by qualified counsel who are experienced in prosecuting ERISA class actions of this type; and

> The prosecution of separate actions by individual Members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

5.      Based on the findings set out above, the Court PRELIMINARILY CERTIFIES the following non-opt-out class, for the purposes of settlement of this Action only, under Federal Rule of Civil Procedure 23(b)(1) (the "Settlement Class"):

> All persons who were participants in or beneficiaries of the Plan at any time between November 1, 2007, through and including April 23, 2009, and whose individual Plan accounts included investments in the IGT Stock Fund at any time between November 1, 2007, through and including April 23, 2009, excluding Defendants and their immediate family members.

6.      Having determined preliminarily that this Action may proceed as a non-opt-out class action pursuant to Federal Rule of Civil Procedure 23(b)(1), the Court hereby appoints Plaintiffs as the representatives of the Settlement Class.

7.      The Court, having determined preliminarily that this Action may proceed as a non-opt-out class action, finds that Members of the Settlement Class shall be bound

1   by any judgment concerning the Settlement in this Action, subject to the Court's final

2   determination as to whether this Action may proceed as a non-opt-out class action.

3     8. As required by Federal Rule of Civil Procedure 23(g), the Court also has

4   considered: (i) the work Plaintiffs' Counsel has done in identifying or investigating

5   potential claims in this Action; (ii) Plaintiffs' Counsel's experience in handling class

6   actions, other complex litigation, and claims of the type asserted in this Action; (iii)

7   Plaintiffs' Counsel's knowledge of ERISA as it applies to claims asserted in this Action

8   (breach of fiduciary duty claims relating to the Plan's investment in company stock); and

9   (iv) the resources Plaintiffs' Counsel has committed to representing Plaintiffs in this

10  Action.  Based on these factors, the Court finds that Plaintiffs' Counsel has and will

11  continue to represent fairly and adequately the interests of the Settlement Class.

12  Accordingly, pursuant to Federal Rule of Civil Procedure 23(g)(2), the Court

13  preliminarily designates Gainey & McKenna and Stull, Stull & Brody as co-class counsel

14  ("Plaintiffs' Counsel") with respect to the Settlement Class in this Action.

15         **CLASS NOTICE**

16    9. The Parties have presented to the Court a proposed Class Notice, which is

17  appended hereto as Exhibit A.  The Court APPROVES the form and content of the Class

18  Notice finding that it fairly and adequately: (1) describes the terms and effect of the

19  Stipulation and the Settlement; (2) gives notice to the Settlement Class of the time and

20  place of the Settlement Fairness Hearing; and (3) describes how recipients of the Class

21  Notice may object to approval of the Settlement.  Having reviewed the Stipulation, which

22  provides for the manner of distributing the Class Notice to members of the Settlement

23  Class, the Court further finds that such proposed manner is adequate, and directs that no

24  later than March 5, 2013, Plaintiffs' Counsel shall cause the Class Notice, with any non-

25  substantive modifications thereto as may be agreed upon by the Parties, to be distributed

26  to each member of the Settlement Class who can be identified through good-faith,

27  reasonable efforts at his or her last-known address maintained by the Plan's record-

28

1  keeper or his or her e-mail address (if readily available to the Plan's record-keeper). By

2  no later than March 5, 2013, Plaintiffs' Counsel also shall cause the Class Notice to be

3  published on the website identified in the Class Notice. No later than May 27, 2013,

4  Plaintiffs' Counsel shall file with the Court proof of Plaintiffs' timely compliance with

5  the foregoing mailing and publication requirements.

6          10.    The expenses of effectuating Class Notice shall be paid pursuant to the

7  terms of the Stipulation.

8                          **OBJECTIONS TO SETTLEMENT**

9          11.    "Objector" shall mean any member of the Settlement Class who wishes to

10 object to the fairness, reasonableness or adequacy of the Settlement; any term of the

11 Stipulation; the Plan of Allocation as described in the Class Notice; or the proposed

12 award of attorneys' fees and expenses or the case contribution awards for Plaintiffs. Any

13 Objector must file with the Court a statement of his, her, or its objection(s), specifying

14 the reason(s), if any, for each such objection made, including any legal support and/or

15 evidence that such Objector wishes to bring to the Court's attention or introduce in

16 support of such objection. Any Objector must also, as a part of his or her statement or

17 through an attachment thereto, provide evidence or affirm that he or she is a member of

18 the Settlement Class. The Objector must also mail the objection and all supporting law

19 and/or evidence to counsel for the Parties, as described below. The addresses for filing

20 objections with the Court and service on counsel are as follows:

21

22

23

24

25

26

27

28

| The Court | Plaintiffs' Counsel | Defendants' Counsel |
|---|---|---|
| Clerk of the Court<br>U.S. Courthouse<br>400 So. Virginia<br>Street Reno, Nevada<br>89501 | Thomas J. McKenna<br>GAINEY & MCKENNA<br>440 Park Avenue South, 5th<br>Floor<br>New York, New York 10016<br><br>Michael J. Klein<br>STULL, STULL & BRODY<br>6 East 45th Street<br>New York, NY 10017 | Boris Feldman<br>Diane Walters<br>WILSON SONSINI<br>GOODRICH & ROSATI, P.C.<br>650 Page Mill Road<br>Palo Alto, CA 94304 |

a.     The Objector, or, if represented by counsel, his or her counsel, must both effect service of the objection on counsel listed above and file the objection with the Court at least fourteen (14) calendar days prior to the Fairness Hearing, or by no later than May 20, 2013.  The Parties' counsel shall confer with one another about any and all objections that come into their possession and will promptly furnish one another with copies of any and all objections not received by all such counsel.

b.     Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

12.     **Appearance at Settlement Fairness Hearing**.  Any Objector who files and serves a timely, written objection in accordance with the paragraph above may also appear at the Settlement Fairness Hearing either in person or through counsel retained at the Objector's expense.  Objectors or their attorneys intending to appear at the Settlement Fairness Hearing must effect service of a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the Objector (and, if applicable, the name, address, and telephone number of the Objector's attorney) on counsel identified above and file it with the Court at least fourteen (14)   calendar days

1  prior to the Settlement Fairness Hearing, or by no later than May 20, 2013.  Any Objector

2  who does not timely file and serve a "Notice of Intention to Appear" in accordance with

3  this paragraph shall not be permitted to appear at the Settlement Fairness Hearing, except

4  for good cause shown.

5       13.    **Response to Objectors.** The Parties shall respond to any Objector at least

6  seven (7) calendar days prior to the Settlement Fairness Hearing, or by no later than May

7  27, 2013.

8                    **SETTLEMENT FAIRNESS HEARING**

9       14.    A hearing (the "Settlement Fairness Hearing") pursuant to Federal Rule of

10  Civil Procedure 23(e) is hereby SCHEDULED to be held before the Court on June 3,

11  2013, at 9 a.m. in the Courtroom of the Honorable Robert C. Jones at the United States

12  Courthouse for the District of Nevada at 400 South Virginia Street, Reno, Nevada 89501.

13      15.    At the hearing, the Court will consider matters relating to the Settlement,

14  including, among others, whether:

15           a.    the proposed Settlement of the Action on the terms and conditions

16           provided for in the Stipulation is fair, reasonable, and adequate;

17           b.    the Settlement, including the Plan of Allocation, should receive

18           final approval by the Court;

19           c.     Plaintiffs' Counsel's application for an award of attorneys' fees

20           and reimbursement of litigation expenses and case contribution awards for

21           Plaintiffs should be granted; and

22           e.    any other issues pertaining to final approval of the Settlement.

23  **STAY AND INJUNCTION AS TO ALL NON-SETTLEMENT PROCEEDINGS**

24      15.    The Action is stayed, except as to matters related to the Stipulation,

25  implementation of the Settlement, or matters relating to the Settlement Fund, including

26  applications for attorneys' fees and reimbursement of expenses.   Pending final

27  determination of whether the Settlement should be approved, Plaintiffs, all Members of

28

1   the Settlement Class, and the Plan are each hereby BARRED AND ENJOINED from

2   instituting or prosecuting any claim, dispute, or action whatsoever that asserts any

3   Released Claim against any Defendants or Releasees.

4                                    **OTHER PROVISIONS**

5          16.    Defendants shall, on or before May 27, 2013, file with the Court proof of

6   compliance with the notice provisions of the Class Action Fairness Act of 2005, as

7   codified at 28 U.S.C. § 1715.

8          17.    The retention of an Independent Fiduciary, and the payment of any fees

9   and expenses incurred by the Independent Fiduciary, shall be governed by the terms of

10  the Stipulation.

11         18.    Neither Defendants nor Defendants' counsel shall have any responsibility

12  for the Plan of Allocation.

13         19.    **Application for Fees, Expense and Incentive Awards.**  Any application

14  by Plaintiffs' Counsel for attorneys' fees and reimbursement of litigation expenses and

15  for a case contribution award for any or all Plaintiffs, and all papers in support thereof,

16  shall be filed with the Court and served on all counsel of record at least twenty-eight (28)

17  calendar days prior to the Settlement Fairness Hearing, or by no later than May 6, 2013.

18  Copies of such materials shall be available for inspection at the office of the Clerk of this

19  Court, and shall be made available on a website identified in the Class Notice as soon as

20  practicable after they are filed with the Court.   Neither Defendants nor Defendants'

21  counsel shall have any responsibility or liability for any application for attorneys' fees,

22  reimbursement of expenses, or payment of case contribution awards, and such matters

23  shall be considered separately from the fairness, reasonableness, and adequacy of the

24  Settlement.

25         20.    Upon the occurrence of Final Settlement Approval, Plaintiffs, individually

26  and on behalf of the Plan and the Settlement Class, and each of their custodians, agents,

27  assigns, representatives, heirs, executors, trustees, and administrators, shall be deemed

28

1   conclusively to have fully, finally, unconditionally and forever released, settled, and

2   discharged the Defendants and the other Releasees from, and with respect to, the

3   Released Claims.

4        21.   **Termination of Settlement.** If the Settlement is terminated in accordance

5   with the Stipulation or if the Settlement is not finalized for any other reason, this Order

6   and all findings herein shall become null and void, and shall be without prejudice to the

7   rights of the Parties, all of whom shall be restored to their respective positions existing

8   immediately before this Court entered this Order, preserving all of their respective claims

9   and defenses.

10        22.   Neither the Stipulation, nor any of its terms or provisions, nor any of the

11   negotiations or proceedings connected with it, shall be construed as an admission,

12   concession, or declaration by any of the Defendants, or any of the Releasees, of the truth

13   of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any

14   kind.   In the event this Order becomes of no force or effect, no part of it shall be

15   construed or used as an admission, concession, or declaration by or against any

16   Defendants, or any of the Releasees of the truth of any of the allegations in the Action, or

17   of any liability, fault, or wrongdoing of any kind, nor shall the Order be construed or used

18   as an admission, concession, or declaration by or against Plaintiffs or the Settlement

19   Class that their claims lack merit or that the relief requested in the Action is

20   inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or

21   claims he, she, or it may have with respect to the claims asserted in the Action.

22        23.   **Continuance of Hearing.** The Court reserves the right to continue the

23   Settlement Fairness Hearing without further written notice.

24        **SO ORDERED this** 15th day of February, 2013.

25

26

27        Honorable Robert C. Jones
          United States District Judge

28

8

Respectfully submitted by,

MICHAEL J. KLEIN, admitted *pro hac vice*
STULL, STULL & BRODY
6 East 45th Street
New York, New York 10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022

PATRICE L. BISHOP, admitted *pro hac vice*
STULL, STULL & BRODY
9430 W. Olympic Boulevard
Suite 400
Beverly Hills, California 90212
Telephone: (310) 209-2468
Facsimile: (310) 209-2087

THOMAS J. McKENNA, admitted *pro hac vice*
GAINEY & McKENNA
295 Madison Avenue, 4th Floor
New York, New York 10017
Telephone: (212) 983-1300

***Interim Co-Lead counsel***

GEOFFREY WHITE
WHITE & WETHERALL, LLP, Nevada Bar No. 0892
3185 Lakeside Drive
Reno, NV 89509
Telephone: (775) 828-9999
Facsimile: (775) 828-9998

MATTHEW L. SHARP, Nevada Bar No. 4746
MATTHEW L. SHARP, LTD.
419 Flint Street
Reno, NV 89501
Telephone: (212) 983-1300

***Interim Co-Liaison counsel***

BORIS FELDMAN, admitted *pro hac vice*
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile:  (650) 565-5100

RICHARD G. CAMPBELL, JR.
BRET F. MEICH
ARMSTRONG TEASDALE, LLP
50 West Liberty, Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile:  (775) 322-9049

1

*Attorneys for International Game Technology, IGT Profit Sharing Plan Committee, David D. Johnson, Robert A. Bittman, Richard R. Burt, Patti S. Hart, Leslie S. Heisz, Robert A. Mathewson, Thomas J. Matthews, Robert Miller, David E. Roberson, and Philip G. Satre*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER CARR, ROXANNE CLAYTON and BRIAN BENNETT, on Behalf of Themselves and All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>INTERNATIONAL GAME TECHNOLOGY, et al.,<br><br>          Defendants. | Case No.:  3:09-cv-00584-RCJ-WGC |
| RANDOLPH K. JORDAN and KIMBERLY J. JORDAN, on Behalf of Themselves and a Class of Persons Similarly Situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>INTERNATIONAL GAME TECHNOLOGY, et al.,<br><br>          Defendants. | Case No.:  3:09-cv-00585-RCJ-WGC |

# NOTICE OF CLASS ACTION SETTLEMENT, SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF ATTORNEYS' EXPENSES AND CASE CONTRIBUTION AWARD

### TO THE FOLLOWING SETTLEMENT CLASS:

All persons  who were participants in or beneficiaries of the IGT Profit Sharing Plan (the "Plan") at any time between November 1, 2007, through and including April 23, 2009, and whose individual Plan accounts included investment in the IGT Stock Fund at any time between November 1, 2007, through and including April 23, 2009.  Excluded from the Settlement Class are the Defendants and their immediate family members.

### PLEASE READ THIS NOTICE CAREFULLY.
### A FEDERAL COURT AUTHORIZED THIS NOTICE.
### THIS IS NOT A SOLICITATION.

- THIS NOTICE IS NOT INTENDED TO BE AND SHOULD NOT BE CONSTRUED AS AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THE ACTION OR THE MERITS OF THE CLAIMS OR DEFENSES ASSERTED.  THIS NOTICE IS MERELY TO ADVISE YOU OF THE PENDENCY OF THIS ACTION, THE PROPOSED SETTLEMENT, AND YOUR RIGHTS WITH RESPECT TO THE PROPOSED SETTLEMENT.

- The United States District Court for the District of Nevada (the "Court") has preliminarily approved a proposed settlement (the "Settlement") of a class action lawsuit of the above-captioned cases (the "Action") brought by plaintiffs Christopher Carr, Brian Bennett, Randolph K. Jordan, and Kimberly Jordan ("Plaintiffs") under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") against International Game Technology ("IGT" or the "Company"), the IGT Profit Sharing Committee,  Robert A. Bittman, Richard R. Burt, Patti S. Hart, Leslie S. Heisz, David D. Johnson, Robert A. Mathewson, Thomas J. Matthews, Robert Miller, David E. Roberson, and Philip G. Satre (collectively, the "Defendants"),[1] and would release Defendants and related parties from any and all claims asserted in the Action or that relate in any way to the facts and events alleged in the Action.  The Defendants have denied and continue to deny any wrongdoing, liability, or injury to Plaintiffs and the Members of the Settlement Class.  The Defendants have concluded that it is desirable that the Action be settled in the manner and upon the terms and conditions set forth in the Stipulation of Settlement ("Stipulation") in order to avoid the burden, expense, inconvenience, and distraction of further legal proceedings.

- This Notice contains summary information with respect to the Settlement.  The terms and conditions of the Settlement are set forth in the Stipulation.  Any capitalized terms used in this Notice but not defined here have the meanings assigned to them in the Stipulation.  The Stipulation, and additional information with respect to the Action and the Settlement, is available from Plaintiffs' Counsel, who are listed on page ___ below, or at www.berdonclaims.com.

- If the Court issues final approval of the Settlement, IGT will pay *Five Hundred Thousand U.S. Dollars* ($500,000.00) into an Escrow Account, from which the net amount of the Settlement Fund will be allocated to Settlement Class members' accounts through the Plan.

- The Court has scheduled a hearing concerning final approval of the Settlement and Plaintiffs' Counsel's motion for attorneys' fees and expenses and case contribution award (the "Settlement Fairness Hearing").  The Settlement Fairness Hearing, which will take place before the Honorable Robert C. Jones, is scheduled on June 3, , 2013 at 9 a.m. at the United States Courthouse for the District of Nevada at 400 South Virginia Street, Reno, Nevada 89501.  If approved, the Settlement will bind all Members of the Settlement Class.  You may appear at this hearing and/or object to

---

[1] Certain other defendants subsequently were dismissed.

the Settlement.  Any objections to the Settlement or the motion for attorneys' fees and expenses and case contribution award must be served in writing on the Court and the Parties' counsel.  More information about the hearing and how to object is explained on pages __ through __ of this Notice.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY.  IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS.  YOU ARE NOT BEING SUED IN THIS MATTER.  YOU NEED NOT APPEAR IN COURT, AND YOU DO NOT NEED TO HIRE AN ATTORNEY IN THIS CASE.  IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU DO NOT NEED TO DO ANYTHING.  IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT UNDER THE PROCEDURES DESCRIBED BELOW.**

| **You Need Not Do Anything to Receive Payment.** | If the Settlement is approved by the Court and you are a Member of the Settlement Class, you will not need to do anything to receive a payment.<br><br>If you are a current participant in the Plan and are authorized to receive a payment, the Plan's record-keeper will deposit the payment into your Plan account in the manner you designate for Plan contributions.<br><br>If you are no longer a participant in any Plan and are authorized to receive a payment, the payment will be deposited into a newly-established account for you with the applicable Plan or sent to you in the form of a check. |
|---|---|
| **You Can Object**<br><br>**(By May 20, 2013** | You can write to the Court if you do not like the Settlement. |
| **You Can Go to a Hearing (on June 3, 2013).** | You can ask to speak in Court about the fairness of the Settlement. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made to authorized Members of the Settlement Class only if the Court approves the Settlement and that approval is upheld in the event of any appeals.  Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Plaintiffs' Counsel, who are:

Michael J. Klein                           Thomas J. McKenna
STULL, STULL & BRODY             GAINEY & McKENNA
6 East 45th Street                        440 Park Avenue South, 5th Floor
New York, NY 10017                  New York, New York 10016
Tel: (212) 687-7230                     Telephone: (212) 983-1300
E-mail: mklein@ssbny.com         E-mail: tjmckenna@gaineyandmckenna.com

## <u>WHAT THIS NOTICE CONTAINS</u>

SUMMARY OF CASE..................................................................................................

SUMMARY OF SETTLEMENT ...................................................................................

STATEMENT OF POTENTIAL OUTCOME OF THE ACTION ....................................

STATEMENT OF ATTORNEYS' FEES & EXPENSES SOUGHT IN THE ACTION ................

WHAT WILL THE PLAINTIFFS GET? .......................................................................

BASIC INFORMATION ...............................................................................................

    1.  Why did I get this Notice package? .......................................................

    2.  What is the Action about and what has happened?...............................................

    3.  Why is there a Settlement? .....................................................................

WHO IS IN THE SETTLEMENT?................................................................................

    4.  How do I know whether I am part of the Settlement? ...........................................

    5.  Are there exceptions to being included?..................................................

THE SETTLEMENT BENEFITS ...................................................................................

    6.  What does the Settlement provide?..........................................................

    7.  How much will an individual payment be? .........................................................

    8.  How can I get a payment?........................................................................

    9.  When will payments be made? ................................................................

PARTICIPATION IN THE SETTLEMENT....................................................................

10. Can I exclude myself from the Settlement?.............................................................

THE LAWYERS REPRESENTING YOU ...................................................................

11. Do I have a lawyer in the case? ...........................................................................

12. How will the lawyers be paid?.............................................................................

OBJECTING TO THE SETTLEMENT OR THE ATTORNEYS' FEES AND EXPENSES.........

13. How do I tell the Court that I do not like the Settlement? .....................................

THE COURT'S SETTLEMENT FAIRNESS HEARING .................................................

14. When and where will the Court decide whether to approve the Settlement? .........................

15. Do I have to come to the Settlement Fairness Hearing? ........................................

16. May I speak at the Settlement Fairness Hearing?..................................................

IF YOU DO NOTHING ............................................................................................

17. What happens if I do nothing at all? .....................................................................

GETTING MORE INFORMATION................................................................................

18. Are there more details about the Settlement? ........................................................

19. How do I get more information?...........................................................................

## SUMMARY OF CASE

As described in more detail below and in the Plaintiffs' Complaint, this Action concerns allegations that Defendants breached fiduciary duties owed to participants and beneficiaries in the Plan during the Class Period.  Defendants deny the allegations.  Copies of Plaintiffs' Complaint and documents related to the Settlement are available at www.berdonclaims.com.

## SUMMARY OF SETTLEMENT

IGT will cause to be deposited into an Escrow Account *Five Hundred Thousand U.S. Dollars* (500,000.00) in cash.  After payment of attorneys' fees and expenses, the case contribution award and other expenses associated with administering the Settlement, the amount remaining in the Escrow Account (the "Net Settlement Fund") shall be allocated among authorized Members of the Settlement Class according to a Plan of Allocation to be approved by the Court.

## STATEMENT OF POTENTIAL OUTCOME OF THE ACTION

Plaintiffs' Counsel believes that Plaintiffs' claims against Defendants are well grounded in law and fact, and that Defendants committed breaches of fiduciary duty under the Employee Retirement Income Security Act ("ERISA").  However, as with any litigated case, the Settlement Class would face an uncertain outcome if Plaintiffs continued the Action against Defendants.  Continuing the Action could result in a judgment or verdict greater or less than the recovery under the Stipulation, or in no recovery at all.  In evaluating the Settlement, Plaintiffs' Counsel has considered the range of possible recoveries if the claims against Defendants were adjudicated rather than settled.

Plaintiffs' Counsel believes that this Settlement reflects a reasonable compromise in light of the range of possible outcomes.  Plaintiffs' Counsel believes that the Settlement is preferable to continuing the Action and is in the best interests of the Settlement Class because the Settlement provides certainty to the Settlement Class with respect to the amount of recovery and should result in the recovery actually being realized substantially prior to the time it would be were the case successfully litigated to a conclusion.

Throughout this Action, Defendants have denied and continue to deny the factual allegations and legal claims asserted by Plaintiffs.  The Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Nevertheless, Defendants have concluded that a full and final settlement of the Action as to them and the other Releasees on the terms and conditions set forth in the Stipulation is desirable to avoid the burden, expense, inconvenience, and distraction of further litigation.

## STATEMENT OF ATTORNEYS' FEES AND EXPENSES
## SOUGHT IN THE ACTION

Plaintiffs' Counsel in the Action will submit a fee petition to the Court in which they will ask the Court to award them attorneys' fees not in excess of 33% of the amount recovered in the Settlement and actual case expenses incurred.  Fees and expenses awarded by the Court will be deducted from the Settlement Amount.  The fee and expense request will be posted to www.berdonclaims.com at least four weeks prior to the date of the Settlement Fairness Hearing (or by May 6, 2013).

## WHAT WILL THE PLAINTIFF GET?

Plaintiffs will share in the allocation of the money paid to the Plan on the same basis and to the same extent as all other members of the Settlement Class.  In addition, Plaintiffs' Counsel will petition the Court for a case contribution award for Plaintiffs in recognition of their efforts in prosecuting this action on behalf of the Settlement Class.  None of the Defendants will share in this allocation.

## BASIC INFORMATION

| 1.  Why did I get this Notice package? |
|---|

This notice was sent to participants in or beneficiaries of the Plan at any time between November 1, 2007 and April 23, 2009, whose Plan accounts included investments in the IGT Stock Fund during that time.  The Court ordered this Notice to be sent to you because, if you fall within that group, you have a right to know about the Settlement and about all of your options before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and after any objections and appeals are resolved, the net amount of the Settlement Fund will be paid to the Plan and then allocated among authorized members of the Settlement Class according to a Court-approved Plan of Allocation.  Not all members of the Class will receive a distribution from the Settlement Fund.  This Notice package describes the Action, the Settlement, your legal rights, the benefits available, who is eligible for them, and how to get them.

| 2.  What is the Action about and what has happened? |
|---|

The case was initiated when, on October 2, 2009, plaintiffs filed the action captioned *Carr, et. al. v. International Game Technology, et al.*, 3:09-cv-00584-RCJ-WGC (the "*Carr* Action").  On that same day, other plaintiffs filed the action captioned *Jordan, et al. v. International Game Technology, et al.*, 3:09-cv-00585-RCJ-WGC (the "*Jordan* Action").  Both the *Carr* Action and the *Jordan* Action were filed as purported class actions on behalf of a putative class of participants in and beneficiaries of the Plan, and whose accounts included investments in IGT common stock.

On October 13, 2009, Plaintiffs filed a motion to consolidate the *Carr* Action and the *Jordan* Action, and requested the Court appoint Plaintiffs as interim co-lead plaintiffs and their counsel as interim co-lead counsel (the "Consolidation Motion").  On February 8, 2010, the Court granted the Consolidation Motion.  Accordingly, the *Carr* Action and the *Jordan* Action are collectively referred to herein as the "Consolidated Action."

On March 10, 2010, Plaintiffs filed their Consolidated Class Action Complaint for Violations of the ERISA (the "Complaint") on behalf of a putative class of participants in and beneficiaries of the Plan at any time between November 1, 2007 and April 23, 2009, and whose account included investments in IGT common stock.  The Complaint alleges that a portion of Plaintiffs and the purported Class' Plan accounts' assets were held in the IGT Stock Fund (the "Fund").  Plaintiffs are pursuing fiduciary duty breach allegations on behalf of the Plan against Defendants, as defined *supra*, which  include IGT, the IGT Profit Sharing Plan Committee (the "Committee"), and individuals whom Plaintiffs allege were Plan fiduciaries for purchasing and holding IGT stock inside the Plan when it allegedly was not a prudent investment for retirement purposes.  Plaintiffs allege that, in violation of Defendants' fiduciary duties, they and the Plan's other participants were not provided with timely, accurate and complete information concerning various aspects of the Company's business and operations.

After full briefing by the Parties and oral argument thereon, on March 16, 2011, the Court issued a Motion to Dismiss Order (the "MTD Order") granting in part and denying in part

Defendants' motions to dismiss and denying Defendants' motion for summary judgment. Among other things, the MTD Order dismissed Plaintiffs' allegations concerning alleged breaches related to the imprudent investment of Plan assets, but denied the motion to dismiss with respect to Plaintiffs' allegations concerning alleged breaches for failure to disclose material facts regarding the Plan. Defendants IGT, Thomas J. Matthews, Robert A. Bittman, Richard R. Burt, Patti S. Hart, Leslie S. Heisz, Robert A. Mathewson, Robert Miller, David E. Roberson, Philip G. Satre, the Committee, and David D. Johnson filed their Answer to the Consolidated Complaint on April 6, 2011. Prior to filing their Answer, on March 28, 2011, Defendants filed a Motion to Amend [the MTD Order] and Certify Interlocutory Appeal, which, after full briefing thereon, was denied on July 1, 2011. Plaintiffs and Defendants are collectively referred to herein as the "Parties".

After the MTD Order was issued, the parties engaged in extensive factual discovery, including (i) inspecting, reviewing and analyzing over 50,000 pages of documents produced during discovery, as well as publicly available documents, including but not limited to news articles, related complaints, press releases, analyst reports and regulatory filings; (ii) researching the applicable law with respect to the claims asserted and the potential defenses thereto; (iii) serving and/or responding to multiple sets of written discovery, including requests for production, interrogatories, requests for admissions, and third-party subpoenas; (iv) taking and/or defending six party-related depositions; and (v) analyzing in detail the Plan's purchases and holdings of IGT stock in light of discovery ascertained in an effort to evaluate the issue of damages.

Plaintiffs filed their motion for class certification on June 14, 2011 (the "Class Certification Motion"). After full briefing thereon, on March 16, 2012, the Court issued an Order denying the Class Certification Motion (the "Class Certification Order"). In response, on April 13, 2012, Plaintiffs filed a Motion for Partial Reconsideration of the Court's Denial of Plaintiffs' Motion for Class Certification (the "Reconsideration Motion"). On November 9, 2012, the Parties filed a Joint Notice of Pendency of Settlement.

| 3. Why is there a Settlement? |
| --- |

No final decision has been reached with respect to Plaintiffs' claims against Defendants. Defendants deny any wrongdoing, and, in connection with the Settlement, do not admit that they breached any fiduciary duties or otherwise are liable. Plaintiffs and Defendants have agreed to a Settlement. In reaching the Settlement, they have avoided the cost, risks, time and disruption of prolonged litigation and trial.

Plaintiffs' Counsel believes that the Settlement is the best option for the Settlement Class. The reasons they believe this to be so are described above in the section entitled "Statement of Potential Outcome of the Action."

## WHO IS IN THE SETTLEMENT

To see if any of the proceeds of this Settlement will be allocated to you, you first must determine whether you are a member of the Settlement Class.

| 4.   How do I know whether I am part of the Settlement? |
|---|

For settlement purposes, the Court has conditionally certified that this Settlement shall proceed on behalf of everyone who, subject to certain exceptions identified below, fits the following description:

> All persons who were participants in or beneficiaries of the Plan at any time between November 1, 2007, through and including April 23, 2009, and whose individual Plan accounts included investments in the IGT Stock Fund at any time between November 1, 2007 through and including April 23, 2009, excluding Defendants and their immediate family members.

Not all Members of the Settlement Class will receive a distribution.  A Plan of Allocation to be approved by the Court will determine whether and how much each individual distribution will be based upon prorated losses.

| 5.   Are there exceptions to being included? |
|---|

All participants in the Plan described above during the time period described above and whose accounts included investments in IGT common stock are members of the Settlement Class with the exception of Defendants and their immediate family members.

## THE SETTLEMENT

| 6.   What does the Settlement provide? |
|---|

IGT shall deposit Five Hundred Thousand U.S. Dollars ($500,000.00) (the "Settlement Amount") into an escrow account (the "Escrow Account") at a financial institution (the "Escrow Agent") identified by Plaintiffs' Counsel within the time period designated in the Stipulation. The net amount in the Escrow Account, after payment of Court-approved attorney's fees and expenses, the case contribution award and other administrative expenses associated with the Settlement (the "Net Settlement Fund"), will be allocated to members of the Settlement Class according to a Plan of Allocation to be approved by the Court if and when the Court enters an order finally approving the Settlement.

As set forth in the Stipulation, all Members of the Settlement Class and anyone claiming through them shall be deemed to fully release the Defendants and the Releasees from all Released Claims and shall forever be enjoined from prosecution of Defendants and other Releasees for any and all Released Claims.

| 7.   How much will an individual payment be? |
|---|

We do not know yet what your payment will be.  Individual calculation cannot be done until the Court has approved a formula for calculations.  Under the proposed Plan of Allocation (which is subject to the Court's approval), your share of the Net Settlement Fund will depend on the investment in IGT common stock in your Plan account during the Class Period.  Each

member of the Settlement Class's share of the Net Settlement Fund will be determined according to the following formula:

   A. Your Settlement Net Loss Is Calculated

   For the purpose of the allocation methodology, your Settlement Net Loss is calculated as follows:

   Settlement Net Loss = A + B - C - D, where, for each Settlement Class Member's account:

>      A = the dollar value, if any, of the balance invested in the IGT Stock Fund at the close of trading on October 31, 2007;
>
>      B = the dollar value, if any, of all new investments in the IGT Stock Fund during the Class Period valued at the time of the transaction(s);
>
>      C = the dollar value, if any, of all dispositions of shares of the IGT Stock Fund during the Class Period valued at the time of the transaction(s); and
>
>      D = the dollar value, if any, of the balance invested in the IGT Stock Fund at the close of trading on April 23, 2009.

   B.      Your Settlement Net Loss Percentage Is Calculated

   The Settlement Net Losses of each Settlement Class Member as calculated in Section A will be totaled to yield the loss of the Plan over the Class Period (the "Plan's Loss"). Your Settlement Net Loss Percentage will be determined by dividing your Settlement Net Loss by the Plan's Loss.

   C.      Your Share of the Net Settlement Amount Is Calculated

   Your Settlement Net Loss percentage will determine the dollar value of your share, if any, of the Net Settlement Fund.  Your share will be your Settlement Net Loss percentage multiplied by the Net Settlement Fund.  If the dollar value of your share of the Net Settlement Fund is below $25 (the "De Minimis Amount"), you will not receive any payment.  The share that would have been allocated to you will instead be added back into the Net Settlement Fund. Those who do receive a portion of the Net Settlement Fund will receive no less than the De Minimis Amount, or $25.

   The Court will be asked to approve the Plan of Allocation, a copy of which is available along with other settlement documents at www.berdonclaims.com.  To the extent that Defendants were participants in the Plan at any time during the Class Period, they will be excluded from the Plan of Allocation.  No Defendant is entitled to a share of the Settlement.

   Your share of the Net Settlement Fund likely will be less than the decrease in the value of the IGT stock held in your Plan account during the Class Period.  **You are not responsible for calculating the amount you may be entitled to receive under the Settlement.**  This

calculation will be done as part of the implementation of the Settlement, and will be based upon the Plan's records, so no information is required from you.

**Do not worry if you do not have records concerning your Plan account.** If you are entitled to a share of the Net Settlement Fund, you will receive a statement from the Settlement Administrator showing the amount of your share. If you have questions regarding the Settlement or the Plan of Allocation, please contact Plaintiffs' Counsel, who are listed on page 3 of this notice.

| 8.   How can I get a payment? |
|---|

You do **not** need to file a claim for recovery.

If you are a current participant in the Plan and are authorized to receive a payment, it will be deposited into your Plan account in the manner you designate for Plan contributions. If you are a member of the Settlement Class and no longer are a participant in the Plan, your Settlement proceeds will be deposited into a newly-established account for you with the applicable Plan or sent to you in the form of a check. If you are no longer a participant in the Plan and a new account is opened for you, any applicable allocation will be invested in the default investment vehicle under the Plan. In all cases, the initial investment, any subsequent changes in the investment by Members of the Settlement Class, and any withdrawals of the investment from the Plan will be governed by the terms of the Plan.

**If you change your address between receiving this notice and receiving a distribution, please advise Plaintiffs' Counsel so your distribution can be sent to you.**

| 9.   When will payments be made? |
|---|

The Net Settlement Fund will be allocated to members of the Settlement Class pursuant to the Plan of Allocation as soon as practicable after final approval has been obtained for the Settlement (which includes exhaustion of any appeals). Any appeal of the final approval may take a year or more. Please be patient.

<u>**There Will Be No Payments If The Settlement Is Terminated**</u>

The Stipulation may be terminated on several grounds, including, among others: (1) if the Court does not approve the Settlement or materially modifies it without the Parties' consent before such date; or (2) if the Court's order approving the Settlement is reversed or modified on appeal. The Stipulation describes in detail the conditions under which the Settlement may be terminated. The Defendants may also choose to terminate the Settlement if an Independent Fiduciary does not agree with the terms of the Settlement. In the event any of these conditions occur, there will be no settlement payment made, and the Action will resume.

## PARTICIPATION IN THE SETTLEMENT

| 10. Can I exclude myself from the Settlement? |
| --- |

In some class actions, class members have the opportunity to exclude themselves from the Settlement. This is sometimes referred to as "opting out" of the Settlement. **Because of the way ERISA operates, you do NOT have the right to exclude yourself from the Settlement in this case.** The case was preliminarily certified for settlement purposes only under Federal Rule of Civil Procedure 23(b)(1) as a "non-opt-out" class. Breach of fiduciary duty claims must be brought by participants on behalf of a plan, and any judgment or resolution necessarily applies to all participants and beneficiaries in the Plan. As such, it is not possible for any participants or beneficiaries to exclude themselves from the benefits of the Settlement. **Therefore, you will be bound by any judgments or orders that are entered in this Action, and, if the Settlement is approved, you will be deemed to have released Defendants and certain related parties from any and all claims that were or could have been asserted in the Action on your behalf or on behalf of the Plan, or all claims that were otherwise included in the release in the Settlement, other than your right to obtain the relief provided to you, if any, by the Settlement.**

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve the Settlement. See the section entitled "How do I tell the Court that I don't like the Settlement?" below.

## THE LAWYERS REPRESENTING YOU

| 11. Do I have a lawyer in the case? |
| --- |

The Court has preliminarily designated Gainey & McKenna and Stull, Stull & Brody as Plaintiffs' Counsel for the Settlement Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 12. How will the lawyers be paid? |
| --- |

Plaintiffs' Counsel has pursued this action on a contingent basis and will file a motion for an award of attorneys' fees and expenses. This motion will be considered at the Settlement Fairness Hearing. As previously described, Plaintiffs' Counsel will seek attorneys' fees and expenses not in excess of 33% of the Settlement Fund. Fees and expenses awarded by the Court will be deducted from the Settlement Amount.

## OBJECTING TO THE SETTLEMENT OR THE ATTORNEY FEES AND EXPENSES

You can tell the Court that you do not agree with the Settlement or some part of it.

| 13. How do I tell the Court that I don't like the Settlement? |
| --- |

If you are a member of the Settlement Class, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve the

Settlement.  The Court will consider your views.  To object, you must send a letter or other written filing providing proof or otherwise affirming that you are a member of the Settlement Class and saying that you object to the Settlement.  Be sure to include the following case caption and notation: "*Carr v. International Game Tech.,* Case No. 3:09-cv-00584-RCJ-WGC." In addition, your objection must also include your name, address, telephone number, signature, and the reasons you object to the Settlement.  **Mail the objection to each of the addresses identified below postmarked no later than May 20, 2013.  You must mail your objection by this date.  If you fail to do so, the Court may not consider your objections.**  *Again, all papers submitted must include Case No. 3:09-cv-00584-RCJ-WGC on the front page.*

| The Court | Plaintiffs' Counsel | Defendants' Counsel |
|---|---|---|
| Clerk of the Court Daniel Patrick Moynihan U.S. Courthouse 400 South Virginia Street, Reno, Nevada 89501 | Thomas J. McKenna GAINEY & McKENNA 440 Park Avenue South, 5th Floor New York, New York 10016 Email: tjmckenna@gaineyandmckenna.com<br><br>Michael J. Klein STULL, STULL & BRODY 6 East 45th Street New York, NY 10017 Tel: (212) 687-7230 E-mail: mklein@ssbny.com | Boris Feldman Diane Walters WILSON SONSINI GOODRICH & ROSATI, P.C. 650 Page Mill Road Palo Alto, CA  94304 Email:  boris.feldman@wsgr.com |

## THE COURT'S SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak, but it is not necessary.

| 14. When and where will the Court decide whether to approve the Settlement? |
|---|

The Court will hold a Settlement Fairness Hearing to decide whether to approve the Settlement as fair, reasonable, and adequate.  You may attend the Settlement Fairness Hearing, and you may ask to speak, but you do not have to attend.  The Court has scheduled the Settlement Fairness Hearing for June 3, 2013 at 9 a.m. in 400 South Virginia Street, Reno, Nevada 89501.  Please check the settlement website for updates as to the time or place of the hearing if you plan to attend, as the Court may change the date or location of the hearing.  At the hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them as well.  After the Settlement Fairness Hearing, the Court will decide whether to approve the Settlement.  The Court will also rule on the motions for attorneys' fees and expenses and the case contribution award.

| 15. Do I have to come to the Settlement Fairness Hearing? |
|---|

No, but you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to voice your objection.  As long as you mail your written

objection on time, the Court will consider it when determining whether to approve the Settlement as fair, reasonable, and adequate.  You also may pay your own lawyer to attend the Settlement Fairness Hearing, but attendance is not necessary.

---

**16. May I speak at the Settlement Fairness Hearing?**

---

If you are a member of the Settlement Class, you may ask the Court for permission to speak at the Settlement Fairness Hearing.  To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Settlement Fairness Hearing in *Carr v. International Game Tech.*, Case No. 3:09-cv-00584-RCJ-WGC" to the Clerk of Court, Plaintiffs' Counsel, and Defendants' counsel at the addresses listed above.  Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be postmarked no later than May 20, 2013.

## IF YOU DO NOTHING

---

**17. What happens if I do nothing at all?**

---

If you do nothing and you are a member of the Settlement Class, you will participate in the Settlement of the Action as described above in this Notice if the Settlement is approved, and you will receive your entitlement, if any, under the Plan of Allocation.

## GETTING MORE INFORMATION

---

**18. Are there more details about the Settlement?**

---

This Notice summarizes the proposed Settlement.  The complete Settlement is set forth in the Stipulation.  You may obtain a copy of the Stipulation by making a written request to Plaintiffs' Counsel listed on page 3 above.  Copies may also be obtained at www.berdonclaims.com.

---

**19. How do I get more information?**

---

You can contact Plaintiffs' Counsel listed on page ___ above, or visit www.berdonclaims.com for more information regarding the Settlement.  Moreover, Plaintiffs' Counsel may be contacted via e-mail at: tjmckenna@gaineyandmckenna.com or mklein@ssbny.com.

Dated: _____                    BY ORDER OF THE COURT