UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER CARR, ROXANNE CLAYTON and BRIAN BENNETT, on Behalf of Themselves and All Others Similarly Situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>INTERNATIONAL GAME TECHNOLOGY, et al.,<br><br>   Defendants. | Case No.: 3:09-cv-00584-RCJ-WGC<br><br>APPROVAL ORDER AND JUDGMENT |
| RANDOLPH K. JORDAN and KIMBERLY J. JORDAN, on Behalf of Themselves and a Class of Persons Similarly Situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>INTERNATIONAL GAME TECHNOLOGY, et al.,<br><br>   Defendants. | Case No.: 3:09-cv-00585-RCJ-WGC |

This action having come before the Court on June 3, 2013, for a hearing (the "Settlement Fairness Hearing") on Plaintiffs' motion for an order granting final approval of the proposed settlement (the "Settlement") of this litigation (the "Action"), as preliminarily certified as a non-opt-out class action pursuant to Federal Rule of Civil Procedure 23(b)(1) for settlement purposes only; the proposed Plan of Allocation; and Plaintiffs' motion for an award of attorneys' fees and for reimbursement of expenses and for case contribution awards for Plaintiffs; and the Court having read and considered these motions, heard the arguments of counsel, granted preliminary approval of the Settlement by Order dated February 20, 2013 (Dkt No. 164) (the "Preliminary Approval Order"), and considered all objections raised; and all Parties having consented to the entry of this Final Approval Order and Judgment;

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Stipulation of Settlement dated December 21, 2012 (the "Stipulation").

2. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Members of the Settlement Class.

3. The Court determines that Plaintiffs are asserting claims on behalf of the IGT Profit Sharing Plan (the "Plan"), pursuant to ERISA §§ 409, 502(a)(2), and 502(a)(3), to recover losses alleged to have occurred as a result of Defendants' alleged breaches of fiduciary duty and to seek other equitable relief.

4. The Court determines that the Settlement, which includes the payment of $500,000.00 by or on behalf of Defendants, has been negotiated vigorously and at arm's length by and between Plaintiffs' Counsel and Defendants' counsel. The Court further finds that, at all times, Plaintiffs have acted independently and that Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented the Settlement Class in connection with the Action and the Stipulation. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

5. The Court finds that the Plan's participation in the Settlement is on terms no less favorable than those of Plaintiffs and the Settlement Class and that the Plan does not have any

1

additional claims above and beyond those released as a result of the Settlement. The Court also finds that the Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but is designed and intended to benefit the Plan, the Plan's Participants, and all beneficiaries.

6. The Court hereby approves and confirms the Settlement embodied in the Stipulation as constituting a fair, reasonable, and adequate settlement and compromise of this Action in accordance with all applicable law, including Federal Rule of Civil Procedure 23, and orders that the Stipulation shall be effective, binding, and enforced according to its terms and conditions. The Stipulation shall be binding on all parties to the Stipulation and every Member of the Settlement Class.

7. The Court determines that the Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order and in accordance with the Stipulation, is the best notice practicable under the circumstances and included individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Such Notice provides valid, due and sufficient notice of the Settlement Fairness Hearing and of the other matters set forth therein, including the terms of the Stipulation and the Settlement, and such Notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

8. For settlement purposes only, the Court hereby approves the maintenance of the Action as a non-opt-out class action pursuant to Federal Rule of Civil Procedure 23(b)(1) with the Settlement Class being defined as:

> All persons who were participants in or beneficiaries of the Plan at any time between November 1, 2007, through and including April 23, 2009, and whose individual Plan accounts included investments in the IGT Stock Fund at any time between November 1, 2007, through and including April 23, 2009, excluding Defendants and their immediate family members.

Pursuant to Federal Rule of Civil Procedure 23(g), the Court also hereby confirms its prior appointment of Plaintiffs as the representatives of the Settlement Class and Gainey & McKenna and Stull, Stull & Brody as Counsel for the Class (referred to herein as "Plaintiffs' Counsel").

2

1        9.      Based on the Settlement, the Court hereby dismisses the Complaint and the Action
2  against Defendants with prejudice on the merits.

3        10.     As of the date of Final Settlement Approval, the Plaintiffs, the Plan, and each
4  Member of the Settlement Class, on their own behalf and on behalf of their present or former
5  agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees,
6  parents, heirs, estates, executors, administrators, successors and assigns, shall be deemed to have
7  fully and finally released and discharged any and all Released Claims as against the Defendants and
8  the Releasees.  Consistent with the Stipulation, the Released Claims are defined to include any and
9  all actual or potential claims, actions, and/or causes of action of any nature whatsoever (including
10 claims for any and all losses, damages, unjust enrichment, attorney fees, disgorgement of fees,
11 litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of
12 legal or equitable relief), whether arising under state or federal law, whether by statute, contract,
13 common law, equity, or otherwise, whether brought in an individual, representative, or any other
14 capacity, whether accrued or not, whether already acquired or acquired in the future, whether
15 known or unknown (as set forth in Paragraph 14 of the Stipulation),  suspected or unsuspected,
16 asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that
17 have been, could have been, or could be brought by or on behalf of Plaintiffs, the Plan, or any
18 Member(s) of the Settlement Class, as well as any claim or right obtained by assignment, brought
19 by way of demand, complaint, cross-claim, counterclaim, third party claim or otherwise,  that arise
20 out of, relate to directly or indirectly or are based on the allegations, facts, matters, occurrences or
21 omissions set forth in the Complaint, or would be barred by principles of *res judicata* if the claims
22 asserted in the Complaint had been fully litigated and resulted in a final judgment in Defendants'
23 favor, including but not limited to claims pertaining to:

24       (a)     breaches of duties or obligations under ERISA to the Plan, to Plaintiffs, to
25 the Settlement Class, or to the other Participants and beneficiaries of the Plan in connection with
26 the acquisition or direct or indirect holding of IGT stock and/or the IGT Stock Fund by or for the
27 benefit of the Plan or the Plan's participants or beneficiaries;

28

3

1      (b)  the provision of information to the Plan's fiduciaries or Participants and
2  beneficiaries of the Plan regarding IGT or IGT stock;
3      (c)  breaches of fiduciary duties relating directly or indirectly to the acquisition,
4  disposition, or retention of IGT stock by the Plan;
5      (d)  the appointment or monitoring of the Plan's fiduciaries as related to
6  paragraphs 12.a., b., and c. of the Stipulation;
7      (e)  breaches of fiduciary duties in connection with the failure to avoid or resolve
8  conflicts of interest as related to paragraphs 12.a., b., and c. of the Stipulation;
9      (f)  knowingly participating in or enabling an ERISA breach of fiduciary duty
10 and/or failing to remedy such breach or in the breach of any other co-fiduciary responsibility as
11 related to paragraphs 12.a., b., and c. of the Stipulation;
12     (g)  losses allegedly suffered by Plaintiffs, Members of the Settlement Class, the
13 Plan, or any other Plan Participants, or beneficiaries as a result of, arising out of, or relating in any
14 way to the investment in, purchase, sale, or holding of the stock of IGT.
15   11.  As of the date of Final Settlement Approval, Defendants shall be deemed to have
16 released the Plaintiffs, the Settlement Class, and Plaintiffs' Counsel from any and all claims
17 relating to the institution or prosecution of the Action or the settlement of any Released Claims,
18 except that this release shall not include any claims relating to the covenants or obligations set forth
19 in the Stipulation. The Parties intend the Settlement to be a final and complete resolution of all
20 disputes asserted or that could have been asserted by Plaintiffs, the Settlement Class, and the Plan
21 with respect to the Released Claims, and agree that, except as expressly set forth herein, each party
22 shall bear his, her or its own costs and expenses, including attorneys' fees.
23   12.  As of the date of Final Settlement Approval, all release provisions within the
24 Stipulation shall be given full force and effect in accordance with each and all of their express
25 terms and provisions, including those terms and provisions relating to unknown, unsuspected, or
26 future claims, demands, or causes of action.  Further, Plaintiffs assume for themselves and on
27 behalf of the Settlement Class, and Defendants assume for themselves, the risk of any subsequent
28

4

discovery of any matter, fact, or law, that, if now known or understood, would in any respect have affected or could have affected any of the Parties' entry into the Stipulation.

13. As of the date of Final Settlement Approval, Plaintiffs, the Settlement Class, and the Plan, and their respective heirs, executors, administrators, successors and assigns are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any claims related to the Action and from asserting, maintaining, or enforcing any actions in any court or other tribunal alleging any and all Released Claims against any and all Releasees.

14. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of $150,000.00 (the "Attorneys' Fees"). The Attorneys' Fees have been determined by the Court to be fair, reasonable and appropriate. No other fees may be awarded to Plaintiffs' Counsel in connection with the Stipulation. The Attorneys' Fees shall be paid to Plaintiffs' Counsel in accordance with the terms of the Stipulation. Plaintiffs' Counsel are authorized and directed to allocate and distribute the Attorneys' Fees among counsel in a manner that reflects each firm's contribution to the institution, prosecution, and settlement of the Action.

15. Plaintiffs' Counsel are hereby awarded reimbursement of expenses in the sum of $33,327.25 (the "Attorneys' Expenses"). The Attorneys' Expenses have been determined by the Court to be fair, reasonable, and appropriate. No other costs or expenses may be awarded to counsel in connection with the Stipulation. The Attorneys' Expenses shall be paid to Plaintiffs' Counsel in accordance with the terms of the Stipulation.

16. Plaintiffs are each hereby awarded a case contribution award in the amount of $2,500.00. The case contribution award has been determined by the Court to be fair, reasonable and appropriate. In addition to the case contribution award, Plaintiffs are also eligible for a share of the payment from the Settlement Fund as a member of the Settlement Class. Other than these payments, no other award shall be awarded to Plaintiffs in connection with the Stipulation. The case contribution award shall be paid to Plaintiffs in accordance with the terms of the Stipulation.

17. The Court determines that to the best extent possible, Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, as codified at 28 U.S.C. § 1715.

1      18.    The Plan of Allocation for the distribution of the Net Settlement Fund, as submitted by the Plaintiffs, is approved as fair, reasonable and adequate.

19.    Any further proceedings or orders entered regarding the Plan of Allocation, the Attorneys' Fees Application, Attorneys' Expenses, or the case contribution awards shall in no way affect or delay the finality of this Final Approval Order and Judgment.

20.    Neither this Final Approval Order and Judgment, the Stipulation, nor any document referred to herein nor any action taken pursuant to or to carry out the Stipulation is or may be deemed to be or may be used as an admission by or against any of the Parties to this Action of any fact, claim, defense, assertion, matter, contention, fault, culpability, obligation, wrongdoing, or liability whatsoever. The Stipulation and its Exhibits may be used by the Defendants or the other Releasees to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim or issue preclusion, or similar defense.

21.    Without affecting the finality of this Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over (a) the implementation, administration, and consummation of the Stipulation; (b) the Action until the Final Settlement Approval date occurs and each and every act agreed to be performed by the Parties to the Stipulation shall have been performed in accordance with the Stipulation; and (c) all Parties to the Action and the Stipulation for the purpose of taking such other actions as may be necessary to conclude and administer this Settlement and to implement and enforce the Stipulation.

**SO ORDERED this** 26th day of June, 2013.

_____
Honorable Robert C. Jones
United States District Judge